UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| UNITED STATES OF AMERICA, | ) | Civil Action No. 4:18-cv-0425-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| -vs- | ) | **ORDER** |
| $116,020 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

Presently before the court is the Claimant's Motion to Amend his Answer (ECF No. 12) and the Government's Motion to Strike (ECF No. 20) Claimant's answer and amended answer. The Government argues Claimant's answer should be stricken because Claimant failed to file a verified claim pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Supplemental Rule G(5)(a)(i) provides that a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). Supplemental Rule G(5)(a)(i)(A)-(D). It is undisputed that Claimant, who is proceeding pro se, failed to file a claim as required by Supplemental Rule G(5)(a)(I). As such, the Government argues, Claimant's answer should be stricken because he lacks standing to contest the forfeiture.

A person contesting the forfeiture of property in a civil forfeiture action must file a claim "by the time stated in a direct notice sent under Rule G(4)(b)." Supp. R. G(5)(a)(ii)(A). A verified claim is important to protect against the filing of false or frivolous claims. See United States of America v. $104,250.00 in U.S. Currency, 947 F.Supp.2d 560, at 564 (D.Md.2013) (stating "[t]he only safeguard the courts have against the filing of false claims in ... in rem proceeding is the threat that the filing of a false claim will trigger a perjury persecution"). An answer to a verified complaint does not constitute a verified claim under Rule G(5) or 18 U.S.C. § 983(a)(4)(A). A claimant who fails to comply with the Supplemental Rules lacks statutory standing to assert a claim. See United States v. $18,690.00 in U.S. Currency, No. 5:13CV00026, 2014 WL 1379914, at *2 (W.D. Va. Apr. 8, 2014) (unpublished).

While Claimant here has moved to amend his answer, that amendment alone is not sufficient to cure the defect. However, the Government does not object to Claimant amending his answer. Therefore, Claimant's Motion to Amend his Answer (ECF No. 12) is **GRANTED, provided that Claimant files his verified statement of right or interest within ten days of the date of this order**. The Government's Motion to Strike the Answer and Amended Answer (ECF No. 20) is **DENIED** at this time. **However, failure of Claimant to file his verified statement of right or interest within ten days of the date of this order may result in his answer being stricken.**

    IT IS SO ORDERED.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

March 26, 2019
Florence, South Carolina